THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY AHMAD and MIRVAT AHMAD, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO. |
| vs. | § | 3:08-cv-229-P |
| | § | |
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, | § § | |
| | § | |
| Defendant/Third-Party Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| FIRST COMMITMENT TITLE, INC., | § | |
| | § | |
| Third-Party Defendant. | § | |

**DEFENDANT OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY'S MOTION FOR SETTLEMENT CONFERENCE & BRIEF IN SUPPORT**

Defendant Old Republic National Title Insurance Company ("Old Republic")
respectfully moves this Court for an order scheduling a telephonic settlement conference in this
action pursuant to Local Civil Rule 16.3(b).

**RELEVANT PROCEDURAL HISTORY**

Plaintiffs' Original Complaint filed February 8, 2008, alleges that, under Texas Insurance
Code Rate Rule R-8, plaintiffs were entitled to a $527.20 discount on a mortgagee title policy
Old Republic issued in connection with plaintiffs' January 16, 2007, mortgage refinance.[1] The
Complaint asserted the following causes of action on behalf of plaintiffs individually and a
proposed class: Money Had and Received; Unjust Enrichment; violation of the Real Estate

---

[1] *See* Plaintiffs' Original Complaint, ¶¶ 16-17 (docket entry no. 1).

Settlement Procedures Act, 12 U.S.C. § 2607(b) ("RESPA"); and breach of Implied Contract.[2]

The RESPA claim was dismissed by Order entered March 11, 2011.[3]  An order granting class

certification was entered on March 23, 2011, but subsequently reversed by the U.S. Court of

Appeals for the Fifth Circuit on August 13, 2012.

What remains are plaintiffs' individual claims, the gravamen of each of which is simply

that plaintiffs were entitled to a premium discount of $527.20.

## PRESENT STATUS OF SETTLEMENT NEGOTIATIONS

Following reversal of class certification and remand by the Fifth Circuit, this Court

entered an Order Requiring Attorney Conference and Proposal for Contents of Scheduling and

Discovery Order on October 16, 2012 (docket entry no. 119).  Pursuant to that Order, counsel

were required to "***determine in good faith whether this case can be settled before additional***

***expenses are incurred***."  (Emphasis added.)

On October 25, 2012, plaintiffs made a settlement demand that was more than 13 times

the amount of the claimed compensatory damages.  On November 5, 2012, Old Republic

responded that it did not understand the basis for the amount of the demand, and proposed that

the parties proceed to schedule the required attorney conference.

At the November 13, 2012, attorney conference, plaintiffs explained that the demand

consisted of the $527.20 compensatory damages claim, plus taxable costs.[4]  Defense counsel

advised that we would discuss the demand further with Old Republic.  Although we did so and

have made numerous follow-up requests to continue settlement discussions, those efforts have

been unavailing:

---

[2] *See id.*, ¶¶ 33-55.

[3] *See* Order Granting Motion for Partial Summary Judgment (docket entry no. 87).

[4] Plaintiffs' counsel advised that if the case does not settle, a claim for attorneys' fees under plaintiffs' claim for breach of implied contract would be pursued.

- Old Republic's counsel emailed plaintiffs' counsel on November 15 and 19, requesting a breakdown of the claimed taxed costs, but plaintiffs did not respond.

- Old Republic emailed plaintiffs on November 20, to try to set up a time to discuss settlement the following day, again without response.

- On November 28, Old Republic made a written settlement offer to satisfy plaintiffs' claimed $527.20 compensatory damages in full and pay potential taxable costs related to plaintiffs' individual claims (*i.e.*, filing fees, and court transcription charges for plaintiffs' deposition of defendant's representative). Old Republic advised that it believed the case can and should be settled, and requested a response so that we could avoid unnecessary costs of litigation and the need to further burden the court. No response was forthcoming.

- Old Republic left follow-up telephone messages on December 6 and 13, requesting that plaintiffs' counsel call to discuss settlement. When no call was received, Old Republic emailed plaintiffs on December 20 to again request a call to discuss settlement and advise that the failure to continue to meaningfully engage would require raising the matter with the Court.[5]

- On Friday, December 28, 2012, at 4:42 p.m. EST, plaintiffs emailed Old Republic to advise that the prior offer was withdrawn and Old Republic's proposal was rejected, and that plaintiffs "may make a new proposal after the new year."[6] Plaintiffs' email did not comment on any aspect of Old Republic's November 28 offer or offer any reason for its rejection.

At this point, Old Republic has concluded that plaintiffs will not engage in good faith settlement negotiations in this case absent the Court's intervention. *See* Local Civil Rule 16.3(a) (providing that "Parties in a civil action must make good-faith efforts to settle").

Old Republic submits that a settlement conference at this time will further the express goals of Fed. R. Civ. P. 16(a) to expedite disposition of the action, discourage wasteful pretrial activities (such as further discovery and motion practice), and facilitate settlement of this case.

---

[5] The email reiterated that under the October 16, 2012, Order, the parties are required to engage in good faith settlement negotiations, and noted that a lawyer owes opposing counsel a duty of courtesy and cooperation – the observance of which is necessary for the efficient administration of our system of justice – and a duty to be punctual in communications, pursuant to *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D.284, 287-88 (N.D. Tex. 1988) (en banc).

[6] A true and correct copy of the email thread is attached hereto as Exhibit A.

## CONCLUSION AND PRAYER

For the foregoing reasons, Old Republic respectfully requests that the Court enter an

Order scheduling a telephonic settlement conference in this action pursuant to Local Civil Rule

16.3(b), and such other relief as the Court deems proper.[7]

Respectfully submitted,

**WINSTEAD PC**

By:    *s/ Kristen L. Sherwin*

G. Roland Love
State Bar No. 12591700
Kristen L. Sherwin
State Bar No. 24043918

500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400/(214) 745-5390 – fax
rlove@winstead.com
ksherwin@winstead.com


John T. Chester
*Admitted Pro Hac Vice*
**PORZIO, BROMBERG & NEWMAN, PC**
100 Southgate Parkway
Morristown, New Jersey 07962-1997
(973) 889-4102/(973) 538-5146 – fax
jtchester@pbnlaw.com

**ATTORNEYS FOR DEFENDANT
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY**

---

[7] If the Court should refer the matter to mediation, Old Republic respectfully requests that, under the circumstances, plaintiffs be required to bear all mediation costs.

**CERTIFICATE OF CONFERENCE**

On January 3, 2013, counsel for the Old Republic contacted Eric Calhoun, counsel for Plaintiffs to discuss the foregoing, Plaintiffs' did not respond.  Accordingly, this Motion is presented to the Court for determination.

_s/ Kristen L. Sherwin_
One of Counsel


**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2013, I electronically filed the foregoing document with the Clerk of the court for the Northern District of Texas, Dallas Division, by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants and counsel of record.  In addition, I sent a copy via Certified Mail Return Receipt Requested to the following Third Party Defendant who is not a CM/ECF participant:

Charles S. Brown
First Commitment Title, Inc.
4161 McKinney Ave, Suite 301
Dallas, Texas 75204

_s/ Kristen L.  Sherwin_
One of Counsel

DALLAS_1 5981200v1

| | |
|---|---|
| **From:** | Eric Calhoun [eric@travislaw.com] |
| **Sent:** | Friday, December 28, 2012 4:42 PM |
| **To:** | Chester, John T. |
| **Subject:** | RE: Ahmad - settlement |

John:

We discussed settlement briefly at the conference and you reconfirmed that your client had rejected Plaintiffs' offer. In fact, your rejection email made no counterproposal. In any event, Plaintiffs' offer was withdrawn. As we discussed in the conference, Plaintiffs have claims for damages, costs and attorneys' fees. We agreed that the attorneys' fees claims could be addressed post-trial. Your proposal is rejected. We may make a new proposal after the new year.

**Eric G. Calhoun**
**TRAVIS & CALHOUN**
A Professional Corporation
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Ph. 972-934-4100
Fax 972-934-4101

Confidentiality Notice: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is legally privileged. Unauthorized viewing, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient (identified above), please contact the sender at (972) 934-4100, or by reply e-mail, and immediately destroy this message and all copies thereof.

**From:** John T. Chester [mailto:jtchester@pbnlaw.com]
**Sent:** Thursday, December 20, 2012 5:20 PM
**To:** Eric Calhoun
**Subject:** RE: Ahmad - settlement

As you will recall, we discussed your clients' demand at some length during the November 13, 2012, attorney conference. I followed up with you by email on November 15 to request a breakdown of claimed taxable costs included in the demand, which Kristen Sherwin reiterated in her November 19 email. I also emailed you on November 20 to try to set up a time to discuss settlement the following day. You did not respond to these requests.

On November 28, I forwarded my client's written settlement offer to pay the full amount of your clients' claimed compensatory damages plus potential taxable costs, and asked that you get back to me so that we could avoid unnecessary costs of further litigation. When I didn't hear from you, I called on December 6 and left a message requesting a return call. I called again on December 13, was told that you were in the office, and waited on hold for ten minutes, after which I called back and left another message request that you call me back. Another week has now passed, without any response from you.

As you know, a lawyer owes opposing counsel a duty of courtesy and cooperation – the observance of which is necessary for the efficient administration of our system of justice – and a duty to be punctual in communications. *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D.284, 287-88 (N.D. Tex. 1988) (en banc). Moreover, Judge Solis' October 16, 2012, Order required that we determine whether this case may be settled "before additional expenses are incurred."

1
# Exhibit A

I once again request that you call me to discuss settlement.  If I do not hear back from you such that we are able to have a meaningful discussion concerning settling this case by the end of the month, I will raise the matter with Judge Solis.

Thank you.

---

**From:** Chester, John T.
**Sent:** Thursday, December 06, 2012 2:45 PM
**To:** Eric Calhoun (eric@travislaw.com)
**Subject:** RE: Ahmad - settlement

Eric-

I just left you a phone message.  Please call me to discuss settlement.  My direct dial is 973-889-4102.

Thanks.

-John

---

**From:** Chester, John T.
**Sent:** Wednesday, November 28, 2012 4:34 PM
**To:** Eric Calhoun (eric@travislaw.com)
**Cc:** Sherwin, Kristen; Samuylov, Garcia
**Subject:** Ahmad - settlement

Please see attached.

```
John T. Chester, Esq.
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ  07962-1997

jtchester@pbnlaw.com

973 889-4102 (direct)
973 538-5146 (fax)

www.pbnlaw.com

---------------------------------------------------------------------------
This electronic communication, including any authorized attachments, contains information
from the law firm of Porzio, Bromberg & Newman, P.C., that may be legally privileged,
confidential, and exempt from disclosure under applicable law.  This communication also
may include content that was not originally generated by the firm.  If you are not the
```

intended recipient, any use or dissemination of this communication is strictly
prohibited.  If you have received this communication in error, please notify the sender
immediately and delete it from all computers on which it may be stored.  In addition, if
you are not currently a client of the firm, this communication is not to be construed as
establishing an attorney-client relationship.

IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS,
we inform you that any U.S. federal tax advice contained in this communication (including
any attachments) is not intended or written to be used, and cannot be used, for the
purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting,
marketing, or recommending to another party any transaction or matter addressed therein.
------------------------------------------------------------------------